# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,              :        Case No. 3:04-cr-095

                                  District Judge Walter Herbert Rice
    -vs-                             Magistrate Judge Michael R. Merz

                               :

MEGED YISRA'EL,

       Defendant.

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Motion for Relief from judgment under Fed. R. Civ. P. 60(b)(6) (Doc. No. 214). Defendant seeks relief from this Court's Judgment of June 23, 2011, which dismissed his Motion to Vacate under 28 U.S.C. § 2255 with prejudice (Doc. No. 213).

In his original § 2255 Motion, Petitioner asserted that his criminal history was incorrectly calculated, to wit, by assessing one point for his 1989 conviction in Case No. 89 CRB 2647 (Ground One) and one point for his 1992 conviction in Case No. 92 CRB 0321 (Ground Two). The undersigned Magistrate Judge recommended these two Grounds for Relief be dismissed as procedurally defaulted "because they were available to [Defendant] to argue at the time of sentencing in this Court and also available on appeal, but were not argued on either occasion." (Report and Recommendations, Doc. No. 204, PageID 1221.) The Report also recommended that these two Grounds for Relief be found to be without merit. *Id.* at PageID 1222. Defendant made no objection to the Report and Judge Rice adopted it (Doc. No. 210). Petitioner took no appeal.

Petitioner now seeks relief from judgment on the same two Grounds for Relief, to wit, that

his criminal history was not properly calculated at the time of sentencing.

He asserts first of all that this is not a second or successive § 2255 Motion, but "instead a claim that his § 2255 Motion should be reopened in order to cure an inherent defect in the integrity of his habeas corpus proceedings," (Motion, Doc. No. 214, *citing Gonzalez v. Crosby,* 545 U.S. 524 (2005).) In *Gonzalez,* the Supreme Court held that a Rule 60(b) motion presents a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' integrity. *Gonzalez* involved an attack on the district court's prior statute of limitations decision on the basis of later Supreme Court law (*Artuz*). The Court held this was a proper use of Rule 60(b) and the district court could reach the motion on the merits without precertification by the court of appeals. However, movants under 60(b)(6) must show "extraordinary circumstances" which will rarely occur in the habeas context and which are not presented by a change of law. *Gonzalez, supra.*

The "defect" which Defendant asserts in the prior proceedings is that his appointed counsel on the § 2255 Motion could have moved to amend or supplement his § 2255 Motion to add a claim of ineffective assistance of counsel for trial counsel's "not taking notice of the erroneously applied criminal history."[1] (Motion, Doc. No. 214, PageID 1257.) In essence, Defendant is claiming the prior proceedings were marred by the ineffective assistance of his § 2255 counsel in failing to move to amend.

The Magistrate Judge agrees that this Motion comes within *Gonzalez* and that this Court may therefore adjudicate the Motion without prior certification of the Sixth Circuit Court of Appeals. Defendant has not attempted to add a new claim for relief. He is instead asserting that his prior two

---

[1]Although Defendant does not mention it, any amendment would have had to include a claim of ineffective assistance of appellate counsel as well, because the Report found that the claim was not raised on appeal either.

2

claims were not correctly adjudicated for reasons that are excusable under Fed. R. Civ. P. 60(b). However, the Magistrate Judge also concludes the Motion is without merit.

The constitutional right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). There is no constitutional right to appointed counsel in habeas cases. *McCleskey v. Zant,* 499 U.S. 467(1991). It follows that counsel's failure of performance in other situations do not provide a basis for setting aside a judgment, even if they are failures which would justify such a result in cases of constitutional entitlement to counsel. In this case counsel was appointed pursuant to the Criminal Justice Act (and not the Constitution) because it appeared that an evidentiary hearing would be necessary, although upon investigation appointed counsel determined that it was not necessary. The fact that counsel failed to move to amend is not an appropriate basis for granting relief under Fed. R. Civ. P. 60(b)(6).

Secondly, had appointed counsel moved to amend to add claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel, there would have been a sound basis to deny the amendment.[2] Here any hypothetical motion to amend should have been denied because the two Grounds for Relief were without merit and it cannot be deficient performance by an attorney to fail to raise a meritless claim. Defendant's objection to counting the two offenses which he claims should have been excluded from his criminal history is that they did not occur within ten years prior to the offense of conviction. However, ¶ 76 of the Presentence Investigation Report notes that Defendant acknowledged in the Statement of Facts attached to the Plea Agreement that the drug conspiracy to which he pled guilty began "by at least 1997." Both the offenses of whose counting he complains happened within ten years before 1997. The Magistrate Judge noted this in

---

[2] A § 2255 motion may be amended as provided in Fed. R. Civ. P. 15. A motion to amend under Rule 15 may be denied if the motion would be futile, e.g., if it seeks to add a claim which is without merit.

his alternative merits analysis in the original Report and Recommendations (Doc. No. 204). As noted above, no objection was made to that analysis, it was adopted by the District Court, and no appeal was taken. On this basis as well, the Motion for Relief from judgment should be denied.

March 23, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).